IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CROSSCREEK, LLC,**

    **Plaintiff,**

                                    Case No. 2:19-cv-2940

    vs.                                   Judge Michael H. Watson

                                    Chief Magistrate Judge Elizabeth P. Deavers

**SHARON BELL,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Defendant, Sharon Bell, an Ohio resident who is proceeding without the assistance of counsel, removed this eviction action originally filed in Franklin County Municipal Court by Plaintiff, Crosscreek, LLC. (ECF No. 1.) This matter is before the Court for consideration of Defendant's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) and before the Court for an initial screen of the Complaint as required by 28 U.S.C. § 1915(e)(2). Having reviewed the Complaint, however, the Court concludes for the reasons that follow that this matter was improperly removed and the Court lacks subject matter jurisdiction over this matter.

28 U.S.C. § 1441 governs removal and provides in relevant part as follows: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Accordingly, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*,

482 U.S. 386, 392 (1987). A federal court has limited subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). As the party invoking federal jurisdiction, Defendant bears the burden of proving jurisdiction. *Glob. Tech., Inc. v. Yubei (Xinxiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015) ("As always, the party invoking federal jurisdiction has the burden to prove that jurisdiction."); *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, No. 16-cv-12380, 2016 WL 4073561, at *3 (E.D. Mich. Aug. 1, 2016) ("The citizenship of the parties is a jurisdictional fact in diversity actions. The burden is on the plaintiff—the party invoking federal jurisdiction—to plead and prove such facts."). In addition, the removal statute is strictly construed. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

Here, the Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction[,]" Fed. R. Civ. P. 8(a)(1), because Plaintiff has not alleged a claim arising under federal law and it does not appear that complete diversity exists. Plaintiff originally filed this action in Franklin County Municipal Court, alleging that Defendant violated the terms of her written lease agreement with Plaintiff by failing to pay her rent. (ECF No. 1-2 at PAGEID # 8 (seeking restitution of the premises as well as monetary damages, including payments for rent

and utilities).) These state law claims do not state a claim arising under federal law. *Arbaugh*, 546 U.S. at 501.

In addition, construing *pro se* Defendant's "Petition Notice of Removal of Action" liberally, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), Defendant appears to assert a defense under 15 U.S.C. § 1692. (ECF No. 1-1.) However, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. at 392. "Potential defenses . . . do not provide a basis for removal." *Medlen v. Estate of Meyers*, 273 F. App'x 464, 466 (6th Cir. 2008) (remanding action); *see also Caterpillar Inc.*, 482 U.S. at 392 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914–15 (6th Cir. 2007) ("[I]t is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction[.]'") (citations omitted). Accordingly, Defendant's apparent assertion of a defense based on a federal statute is not sufficient to establish federal question jurisdiction.

Moreover, these state-law claims cannot invoke diversity jurisdiction because there does not appear to be complete diversity of citizenship. Here, Plaintiff and Defendant are both Ohio residents. (ECF No. 1-1 at PAGEID # 6 (listing Plaintiff's address in Columbus, Ohio, and identifying Defendant's address in Westerville, Ohio).) Moreover, Defendant's own filing reveals that she did not intend to invoke the Court's diversity jurisdiction. (ECF No. 2 at PAGEID # 11 (reflecting that she checked only "Federal Question" box under the category "Basis of Jurisdiction").) Based on this record, Defendant has not established that diversity of

citizenship exists. *Caterpillar, Inc.*, 519 U.S. at 68. Accordingly, the undersigned cannot discern a basis for federal jurisdiction.

For the reasons explained above, the Court lacks subject matter jurisdiction over this action, which was improperly removed. It is therefore **RECOMMENDED** that this action, including Defendant's request for extraordinary injunctive relief (ECF No. 1-1), be **REMANDED** to Franklin County Municipal Court. In light of this recommendation, it is **FURTHER RECOMMENDED** that Defendant's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) in this Court be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed,

4

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

      **IT IS SO ORDERED.**


**DATED:  July 15, 2019**　　　　　　　　　　*/s/ Elizabeth A. Preston Deavers*_____
　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES MAGISTRATE JUDGE**